[Cite as *State v. Bailey*, 2014-Ohio-639.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :             C.A. CASE NO.     2013 CA 37

v.                                               :             T.C. NO.     13CR204

CHRISTOPHER BAILEY                               :               (Criminal appeal from
                                               Common Pleas Court)

    Defendant-Appellant                       :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____21st_____ day of _____February_____, 2014.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 2372 Lakeview Drive, Suite H, Beavercreek, Ohio 45431
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     Defendant-appellant Christopher Bailey appeals from his conviction and sentence for one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the

third degree; and one count of intimidation of an attorney, victim, or witness in a criminal case, in violation of R.C. 2921.04(B)(1), a felony of the third degree. Bailey filed a timely notice of appeal with this Court on April 15, 2013.

{¶ 2} On March 25, 2013, Bailey was indicted for three counts of domestic violence and one count of intimidation of an attorney, victim, or witness in a criminal case. At his arraignment on April 9, 2013, Bailey pled not guilty to all of the charges in the indictment. On the same day, the State filed a motion in limine asking the trial court to exclude the use of some of its witnesses' criminal convictions that the defense intended to introduce for impeachment purposes. A jury trial was set for April 10, 2013.

{¶ 3} On the morning of April 10, 2013, prior to the commencement of trial, the court heard arguments on the State's motion in limine. The trial court also heard Bailey's oral motion in limine. Bailey argued that the State was required to elect either the prior domestic violence conviction or the aggravated menacing conviction for enhancement purposes of the domestic violence charge. Bailey asserted that the State was barred from mixing the two prior convictions to enhance a violation of R.C. 2912.25(A) to a felony of the third degree. Ultimately, the trial court granted the State's motion in limine in part, and denied Bailey's motion in limine in its entirety.

{¶ 4} After voir dire had commenced, the State informed the trial court that it had received an audio tape containing a telephone conversation from the previous afternoon wherein Bailey called the victim and made comments of an intimidating nature. Defense counsel was provided an audio copy of the phone conversation. During the lunch recess, defense counsel took the tape to Bailey at the jail so he could listen to it.

{¶ 5}    Upon returning from the jail, defense counsel informed the trial court that he had insufficient time to properly review the tape with Bailey.    Defense counsel requested a continuance so that he could have additional time to review and discuss the contents of the tape with Bailey.   The trial court denied the request for a continuance.

{¶ 6}    Thereafter, defense counsel moved to withdraw from the case in order to ensure that Bailey could receive a fair trial.   Specifically, defense counsel argued that based on certain statements made by Bailey to the victim on the tape, the jury could infer that defense counsel was attempting to influence the victim not to appear for trial, thereby prejudicing Bailey in the eyes of the jury.   The trial court granted defense counsel's motion to withdraw and stated that it would appoint new counsel.

{¶ 7}    A brief recess was taken, after which defense counsel informed the trial court that Bailey wanted to enter a negotiated plea.   Additionally, defense counsel asked the trial court to vacate its former ruling removing him as Bailey's counsel.   The trial court agreed to rescind its ruling appointing new counsel and allowed Bailey's original defense counsel to represent him during the plea.   Bailey subsequently pled guilty to Counts III and IV (domestic violence and intimidation of an attorney, victim, or witness in a criminal case), and the remaining counts were dismissed.   The trial court accepted Bailey's plea and sentenced him to thirty months for one count of domestic violence and thirty months for one count of intimidation of an attorney, victim, or witness in a criminal case.   The trial court ordered that Bailey's sentences be served consecutively for an aggregate sentence of five years in prison.

{¶ 8}    It is from this judgment that Bailey now appeals.

{¶ 9}    Bailey's first assignment of error is as follows:

{¶ 10}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, MR.

BAILEY, WHEN IT ACCEPTED MR. BAILEY'S GUILTY PLEAS WHICH WERE NOT ENTERED KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY."

{¶ 11}  In his first assignment, Bailey contends that his guilty plea to Counts III and IV were not made in a knowing, voluntary, and intelligent manner.   Specifically, Bailey argues that while they were in the midst of voir dire, the State informed him and his counsel of additional evidence it had just obtained: namely the recorded phone calls wherein Bailey allegedly threatened the victim.   Bailey points out that the trial court denied his motion for a continuance based on the newly discovered evidence and did not provide him with sufficient time to review the recordings.   Bailey also emphasizes that the trial court permitted his attorney to withdraw. Lastly, Bailey notes that he stated on the record during the plea colloquy that he had not discussed his case and possible defense with his attorney.

{¶ 12}  An appellate court must determine whether the trial court record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary; otherwise, the plea has been obtained in violation of due process and is void.  *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).   A trial court's compliance with Crim.R. 11(C)(2) in accepting a defendant's guilty or no contest plea portrays those qualities. *State v. Fisher,* 2d Dist. Montgomery No. 23992, 2011-Ohio-629, ¶ 16.

{¶ 13}  Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of

no contest, and shall not accept a plea of guilty or no contest without first

addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with

understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 14} The Ohio Supreme Court requires trial courts to strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Trial courts need only substantially comply with Crim.R. 11(C)(2)(a) and (b), which involve non-constitutional rights. *State v. Nero,* 56 Ohio St.3d 106, 109, 564 N.E.2d 474 (1990).

{¶ 15} Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands both the implications of his plea and the rights that he waives by entering that plea. *State v. Miller,* 2d Dist. Clark No. 08 CA 90, 2010-Ohio-4760, ¶ 8, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15. Therefore, a

defendant who challenges his guilty plea on the ground that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and (b) must show a prejudicial effect, which requires him to show that the plea would not otherwise have been entered. *Griggs,* at ¶ 12.

**{¶ 16}**  Prior to the plea hearing, the following exchange occurred:

Defense Counsel: My second motion would be this: During the course of the three calls we did listen to, the calls were between the alleged victim in this case, Senika Channels, and my client Chris Bailey.  And during those calls, all three of them throughout made references to me in the calls; and the references were basically: Go talk to Mr. Marshall; call my attorney; call Jim; talk to Jim. And as I said, there were three different calls and somewhere during the course of the third call, it appears from when you listen to the tapes, somewhere between the second and third call, Senika Channels implies, at least, that she spoke to me on the phone.  And then during the third call with Mr. Bailey, she says, "Mr. Marshall told me."  And then it doesn't – you don't really hear what it is that I told her and I'm not sure if it's because the – because of the quality of the recording or because it just didn't come through at all or it just wouldn't come through on the laptop that I was playing it on, but you couldn't hear quite what was said.

But in any event, all three of those calls, one could take them to – one reading of those calls I guess, in the big picture would be is that Mr. Bailey was trying to get Ms. Channels to drop the charges or that Ms. Channels wanted to drop the charges.  And then you could take that one step further and you could

get the impression that I somehow was advising them or suggesting to them how to avoid proceeding at trial here today. And I would say – well, so I guess a jury, if the calls are played to a jury, a jury could get the impression that I was somehow involved in that, that I was trying to manipulate the system or I was trying to advise Chris and/or Ms. Channels as to how to have the charges dismissed or how to prevent the State from proving the charges.

I will say this. There was never one time that I suggested to Ms. Channels how to do any of that; but that could be the implication that you could get from it if you listen to it. *My concern is that if a jury reads it that way, then a jury won't trust me or they won't believe anything that I say; and if that's the case, then I don't think Mr. Bailey will get a fair trial by me continuing to represent him.* So on that basis, I'm asking for leave to withdraw from the case.

\*\*\*

The Court: \*\*\* However, did the State talk to the victim in this case?

The State: Yes, Your Honor.

The Court: Did she indicate to you that she did, she initiated communication with [defense counsel] Mr. Marshall?

The State: Originally, Your Honor, Mr. Marshall called the victim, but she did not call back – oh, she did? She did call back, Your Honor.

The Court: That's all part of the discovery for the preparation for trial. Did she ask Mr. Marshall? Did she tell you that she asked Mr. Marshall for advice, however?

The State: Yes.

\*\*\*

The Court: That could be interpreted if she were to be asked that or if that came out on the phone calls; and if that's what she was talking about, *that is a conflict which could put the issue in a bad light as far as the jury – you indicated, Mr. Marshall, the jury reading into things in regard to that conversation. So I find your second motion to be well taken. I am going to allow you to withdraw from the case.*

\*\*\*

Therefore, the Court is going to appoint a new attorney to represent the defendant. (Emphasis added).

{¶ 17} A brief recess was taken during which defense counsel, who had just withdrawn from the case, had a discussion with Bailey and a representative from the State. At the conclusion of the discussion, the following exchange occurred:

The Court: We're back on record in 13-CR-0204. Mr. Marshall, last time we were on record, I granted your motion to withdraw on the basis of an appearance of an impropriety that could affect your client's trial, not because the Court found that you had somehow violated your client's rights or anything of that nature.

Are you withdrawing that motion now in order for the client wishes to take advantage of this plea offer?

Defense Counsel: I am, Judge. Just to speak very briefly to what the Court said, I don't believe I acted in an improper fashion in any

way in representing my client; but I think the jury could have gotten that impression from what was said on the phone calls. So I moved to withdraw for that reason.

As to the Court ruling on that motion, I have spoken to my client and we were able to negotiate the plea. So about the same time the Court entered that withdrawal, he indicated that he wanted to accept the plea. *So I would ask the Court to withdraw the previous ruling, reinstate me for the case, and proceed with the negotiated plea at this time.*

The Court: Previous ruling is rescinded. It had not been filed. And we will proceed on this plea offer.

I received a written plea to Count Three, domestic violence, a felony of the third degree, and to Count Four, intimidation of a witness in a criminal case, a felony of the third degree. Counts One and Two are being dismissed on the State's motion.

*The document indicates that the parties, in addition to those terms, are agreeing to a thirty-month prison sentence on each count consecutive for a total of five years*; and the State will not proceed with any charges that arise out of letters received by the victim.

Are those the full terms as understood by the State?

The State: Yes, Your Honor.

The Court: Are those the full terms as understood by the Defendant?

Defense Counsel: Yes, Judge.

The Court: Then as to Counts Three and Four, place the facts on the record.

The State: Your Honor, on or about January 5, 2013, Christopher D. Bailey, in the vicinity of 129 East Cecil Street in Springfield / Clark County, Ohio, did knowingly cause or attempt to cause physical harm to Senika Channels. Bailey and Channels are family or household members as the two are boyfriend and girlfriend. They resided together at the time of the event and have children in common. Bailey hit Senika Channels multiple times about the face, causing injury. Christopher Bailey has two prior convictions.

As regards to the intimidation charge, Christopher D. Bailey did knowingly, by unlawful threat upon Senika Channels, attempt to influence, intimidate, or hinder Senika Channels from the filing of prosecution of criminal charges. Bailey made the statement to the effect that he would take Ms. Channels to Ferncliff if she pressed charges or called the police. Ms. Channels took that to mean Ferncliff Cemetery and understood that he would take her there and kill her there.

The Court: As to Count Three, domestic violence, a felony of the third degree, and Count Four, intimidation of a witness in a criminal case, felony of the third degree, how does the Defendant wish to proceed?

Defense Counsel: Thank you, Judge. At this time, Mr. Bailey would withdraw his former plea of not guilty. He would enter a plea of guilty to Count Three of the indictment, plea of guilty to Count Four of the indictment, that being done with the understanding that Counts One and Two of the indictment would be

dismissed.

The Court: You are Christopher Dion Bailey?

Bailey: Yes, sir.

The Court: How old are you?

Bailey: Thirty-six.

The Court: What's the highest level of education you've completed?

Bailey: Eleven.

The Court: Are you a United States citizen?

Bailey: Yes, sir.

The Court: Are you under the influence alcohol, drugs, or medication today?

Bailey: No, sir.

The Court: Are you on probation, parole, community control, or post-release control?

Bailey: No, sir.

The Court: *Have you discussed your case and possible defenses with your attorney*?

Bailey: *No, sir*.

The Court: Are you satisfied with the advice, representation your attorney's given you?

Bailey: Yes, sir.

The Court: Is this your signature on the plea form?

Bailey: Yes, sir.

The Court: Before you signed the document, did you read it and go over it with our attorney?

Bailey: Yes, sir.

The Court: Did you understand everything in the document?

Bailey: Yes, sir.

The Court: Has anyone made any promises to you other than what's been placed on the record at this time to get you to enter this plea?

Bailey: No, sir.

The Court: Has anyone made any threat to you to get you to enter this plea?

Bailey: No, sir.

The Court: Do you understand the possible maximum offenses for these penalties for these offenses is thirty-six months in prison, $10,000.00 fine, restitution if any were found to be due and owing, and court costs?

Bailey: Yes, sir.

The Court: If run consecutively, that is seventy-two months in prison, $20,000.00 fine, restitution, and costs.

Do you understand that?

Bailey: Yes, sir.

The Court: Upon release, after serving the time given you by the Court, The Parole Authority would be required to place you on post-release control for a

period of three years. While in that program, you must comply with all the rules of the Parole Authority. If you violate any rules of the Parole Authority, longer, more restrictive sanctions can be imposed; the program could be extended to a maximum of eight years; and the new sanctions could include going back to prison for up to one-half the time originally imposed by the Court, not to exceed nine months on any violation.

If you commit a felony while on post-release control, you could go back to prison for at least one year and up to the amount of time remaining on post-release control if it's greater than one year. That time would have to be served consecutive to any sentence you receive on the new felony.

Do you understand the explanation of post-release control?

Bailey: Yes, sir.

***

The Court: By pleading guilty to these charges, you admit the truth of the facts the Prosecutor put on record, you admit that you committed the offense of domestic violence as a felony of the third degree, and you admit that you committed the offense of intimidation of a witness in a criminal case as a felony of the third degree, *and you waive your right to trial by jury*?

Do you understand that?

Bailey: *Yes, sir.*

The Court: At a trial, you cannot be found guilty of any charge against you unless the State proved beyond a reasonable doubt to every member of the jury

each and every element of that particular charge.

Do you understand that?

Bailey: *Yes, sir.*

The Court: As to the counts to which you are pleading guilty, the elements would be as follows: Count Three, domestic violence, on or about January 5, 2013, in Clark County, Ohio, you did knowingly cause or attempt to cause physical harm to Senika Channels who was a family or household member and you had previously been convicted of domestic violence in Clark County Municipal Court in Case 08-CRB-2470 and previously convicted of aggravated menacing in Clark County Municipal Court in Case 07-CRB-4455.

Do you understand these elements?

Bailey: *Yes, sir.*

The Court: As to the aggravated menacing, the State would have to prove the additional elements that the aggravated menacing conviction included the fact that the victim of the offense was a family or household member at the time of the commission of the offense.

Do you understand that, sir?

Bailey: *Yes, sir.*

The Court: As to Court Four, the intimidation charge, the elements that would hae to be proven would be that on or about January 5, 2013, at Clark County, Ohio, you did knowingly, and by force or by unlawful threat to commit any offense or felony against any person, attempted to influence, intimidate, or

hinder the victim of a crime from the filing of the prosecution and criminal charges.

Do you understand the elements of that offense, sir?

Bailey, *Yes, sir.*

The Court: At the trial you would have the right to have witnesses brought against you and the right to cross-examine witnesses.

Do you understand these rights?

Bailey: *Yes, sir.*

The Court: You would have the right to have witnesses testify on your behalf. You would have the subpoena power of the Court to compel your witnesses to appear.

Do you understand these rights?

Bailey: *Yes, sir.*

The Court: You would have the right to testify, but you could not be compelled to do so. If you decided not to testify, the fact you did not testify could not be used against you.

Do you understand that, sir?

Bailey: *Yes, sir.*

The Court: If you want to appeal the case, you must file the notice of appeal within thirty days from the filing of the judgment entry of conviction.

Do you understand that, sir?

Bailey: *Yes, sir.*

The Court: Mr Marshall, are you satisfied that your client understands the nature and elements of the offense to which he's pleading guilty and the elements of the offenses that would have to be proven if he were to go to trial?

Defense Counsel: Yes, Judge.

The Court: Mr. Bailey, *are you telling* [the] *Court that you want to waive all rights that we've gone over; give them up for the purposes of this case; and plead guilty to Count Three, domestic violence, a felony of the third degree; and plead guilty to Count Four, intimidation of a witness in a criminal case, a felony of the third degree?*

Bailey: *Yes, sir.*

The Court: Then I find the Defendant has knowingly, voluntarily, and intelligently waived his rights and entered a plea of guilty to Count Three, domestic violence, a felony of the third degree; and plead guilty to Count Four, intimidation of a witness in a criminal case, a felony of the third degree. Based upon his pleas, I find him guilty of those two offenses.

\*\*\*.

{¶ 18} The record establishes that defense counsel moved to withdraw because of a communication he had with the complaining witness prior to trial during which, according to the State, he apparently "advised" her in some manner regarding Bailey's criminal trial. We note that it is unclear exactly what defense counsel said to the witness. Nevertheless, defense counsel stated that if evidence of the conversation was provided to the jury, his ability to effectively represent Bailey would become severely compromised. Thus, Bailey would be potentially

prejudiced because the jury would not trust defense counsel.

{¶ 19} By moving to withdraw, defense counsel acknowledged that his further representation of Bailey was compromised. The court indicated to Bailey that new counsel would be appointed and the jury trial did not proceed. Instead, after a brief recess, defense counsel asked to be reinstated for the purpose of representing Bailey in a plea negotiated with the State.

{¶ 20} Upon this record, we conclude that the trial court erred when it reinstated defense counsel after he withdrew from his representation of Bailey. Once a conflict of interest arises wherein the court removes counsel, neither the State nor the former attorney should be discussing plea negotiations. The conflict compromised defense counsel's ability to objectively and effectively represent Bailey and rendered suspect defense counsel's decision to advise Bailey to enter into the negotiated plea. The proper course would have been for the trial court to appoint new counsel, thereby removing any hint of impropriety from the proceedings and guaranteeing that Bailey would not be prejudiced. Moreover, with new counsel, Bailey's potential decision to enter into a negotiated plea would not be   potentially influenced by his prior counsel's actions.

{¶ 21} Finally, we note that during the plea colloquy, the trial court also erred when it failed to inquire of Bailey when he answered "no" that his counsel had not discussed the case and possible defenses with him. Upon hearing Bailey's negative response to the question, the trial court had a duty to halt the colloquy and further inquire of Bailey. Without an inquiry of Bailey, we are left with the implication that defense counsel was clearly deficient in a key aspect of his representation; namely his duty to discuss the nature of the charges with the defendant and any potential defenses that may be available to him. If defense counsel failed to discuss the charges

and possible defenses with Bailey, his pleas were not knowing, intelligent and voluntary. Rushed pleas cannot be used to resolve the apparent conflict issue that arose.

**{¶ 22}** Bailey's first assignment of error is sustained.

**{¶ 23}** Bailey's second and final assignment of error is as follows:

**{¶ 24}** "THE TRIAL COURT ERRED AS A MATTER OF LAW BY ENHANCING AND SUBSEQUENTLY SENTENCING APPELLANT PURSUANT [TO] A THIRD DEGREE FELONY FOR APPELLANT'S DOMESTIC VIOLENCE CONVICTION."

**{¶ 25}** In light of our disposition with respect to Bailey's first assignment of error, his second assignment is rendered moot.

**{¶ 26}** Bailey's first assignment of error having been sustained, the judgment of the trial court is reversed and his guilty pleas are vacated, and this matter is remanded for proceedings consistent with this opinion. This judgment would not preclude Bailey from accepting this plea negotiation with newly appointed counsel after being fully apprised of his rights and options.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Lisa M. Fannin
Thomas M. Kollin
Hon. Richard J. O'Neill