[Cite as *State v. Dudley*, 2014-Ohio-5419.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| LARRY W. DUDLEY, JR. | : | Case No. 14-COA-015 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 13-CRI-024



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 December 5, 2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PAUL T. LANGE                             CHRISTINA I. REIHELD
110 Cottage Street                        P.O. Box 532
Third Floor                               Danville, OH  43014
Ashland, OH  44805

*Farmer, J.*

{¶1}   On March 4, 2013, appellant, Larry Dudley, Jr., pled guilty pursuant to a bill of information to three counts of breaking and entering in the fifth degree in violation of R.C. 2911.13, four counts of petty theft, misdemeanors in the first degree, in violation of R.C. 2913.02, and one count of theft from an elderly person in the fifth degree in violation of R.C. 2913.02.

{¶2}   A sentencing hearing was held on May 13, 2013.  By judgment entry filed May 16, 2013, the trial court sentenced appellant to twelve months on each of the four fifth degree felony counts, to be served consecutively, and ninety days on each of the petty theft counts, to be served concurrently and concurrently with the consecutive counts, for an aggregate term of forty-eight months in prison.  The trial court ordered the sentences to run consecutively to sentences imposed in another case, Case No. 12-CRI-131, for a total aggregate term of one hundred, thirty-eight months in prison.

{¶3}   Pursuant to a motion filed by appellant for hearing on restitution, the trial court held a hearing and entered an order of restitution and ratified and affirmed the previously imposed prison sentences.  See, Judgment Entry filed March 18, 2014.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED WHEN IT IMPOSED PRISON SENTENCES FOR FOUR FIFTH DEGREE FELONIES WITHOUT MAKING A SPECIFIC FINDING THAT ANY FACTOR CONTAINED IN R.C. 2929.13(B)(1)(b) APPLIES RELATIVE TO APPELLANT."

II

{¶6} "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE TWELVE MONTH SENTENCES FOR FOUR FIFTH DEGREE FELONY CONVICTIONS SUCH THAT THE AGGREGATE SENTENCE EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY R.C. 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH THE APPELLANT WAS CONVICTED."

I

{¶7} Appellant claims the trial court erred in sentencing him on the four fifth degree felony counts as it failed to make specific findings on any factor under R.C. 2929.13(B)(1)(b). We disagree.

{¶8} By judgment entry filed March 18, 2014, the trial court "ratified and affirmed" the sentences imposed via judgment entry filed May 16, 2013. In the 2013 entry, the trial court sentenced appellant to twelve months on each of the four fifth degree felony counts, to be served consecutively.

{¶9} Appellant argues the trial court failed to make specific findings pursuant to R.C. 2929.13(B)(1)(b) which states the following:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or

the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶10} The presentence investigation report filed May 16, 2013 clearly demonstrated that appellant had previously served a prison term; therefore, the trial court had the discretion to impose a prison term under R.C. 2929.13(B)(1)(b)(x). Appellant argues the trial court failed to make this specific finding on the record pursuant to R.C. 2953.08(G)(1) which states the following:

If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13 or division (I) of section 2929.20 of the Revised Code, or to state the findings of the trier of fact required by division (B)(2)(e) of section 2929.14 of the Revised Code, relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case

to the sentencing court and instruct the sentencing court to state, on the record, the required findings.

{¶11} During the sentencing hearing held on May 13, 2013, the trial court noted it had reviewed the presentence investigation report which defense counsel described as "very large, very voluminous" (T. at 3), and stated the following (T. at 10):

You have had an opportunity for residential treatment through CBCF programming, you failed to maintain sobriety, you have had less than stellar success on Probation or Community Control, and you have been found in violation of prior Community Control sanctions and Probation violations, so I am therefore finding that you are not amenable to Community Control, that a prison sentence is in these counts, consistent with the purposes and principles of Ohio sentencing statutes.

{¶12} The prosecutor pointed out appellant's extensive criminal history, "as well as a juvenile history, despite numerous prior convictions, prior prison sentencings and numerous opportunities to rehabilitate himself and address any drug issues that he may have." T. at 6-7.

{¶13} We note R.C. 2929.13(B)(1)(b) does not require a trial court to enter a specific finding to the applicability of the section. Although the trial court did not specifically find that appellant previously had served a prison term, we find the trial court's statements cited above, coupled with the voluminous presentence investigation

report on appellant's extensive criminal history including prior prison sentences, fulfills the statutory scheme.

{¶14}  Assignment of Error I is denied.

II

{¶15}  Appellant argues the trial court erred in ordering consecutive sentences resulting in an aggregate sentence that exceeded the maximum prison term allowed by R.C. 2929.14(A) for the most serious offense of which he was convicted.  We disagree.

{¶16}  In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

In applying *Foster* [*State v.,* 109 Ohio St.3d 1, 2006-Ohio-856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶17}  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶18} This court recently reaffirmed this standard of review in a well developed analysis filed November 17, 2014 in *State v. Bailey,* 5th Dist. Ashland No. 14-COA-008, 2014-Ohio-____, ¶ 18-24.

{¶19} In determining a sentence, R.C. 2929.11 and 2929.12 require trial courts to consider the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See, State v. Mathis,* 109 Ohio St .3d 54, 2006-Ohio-855.

{¶20} In its judgment entry filed May 16, 2013, the trial court sentenced appellant to twelve months on each of the four fifth degree felony counts, to be served consecutively. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." Clearly the twelve months sentences are within the statutory range. Appellant is not contesting the maximum sentences.

{¶21} Pursuant to R.C. 2953.08(C)(1), a defendant may seek leave to appeal consecutive sentences imposed under R.C. 2929.14(C)(3) that "exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted." "This grant of the right to appeal does not mean, however, that consecutive sentences are erroneous merely because they exceed the maximum sentence allowed for the most serious offense." *State v. Graham,* 2nd Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 32. Consecutive sentences for multiple convictions may certainly exceed the maximum sentence for the most serious offense. *Id.*

{¶22} The maximum sentence that appellant faced for the four fifth degree felonies was twelve months on each count. The trial court sentenced appellant to

twelve months on each count, to be served consecutively, for a total aggregate term of forty-eight months in prison.

{¶23} R.C. 2929.14 governs prison terms.   Subsection (C)(4) states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} During the sentencing hearing held on May 13, 2013, the trial court noted it had reviewed the presentence investigation report and victim impact statements, set forth the factors in R.C. 2929.11 and 2929.12, and noted appellant's "extremely high" ORAS Score which "is an indicator for the potential for recidivism, and that indicates extremely high risk for recidivism, or very high risk for recidivism." T. at 3, 9-10. In sentencing appellant to consecutive sentences, the trial court stated the following (T. at 12-13):

Mr. Dudley, I am finding that consecutive service of the prison sentences is necessary in this case to protect the public from future crimes based on your history and your potential for recidivism, being very high, I further find that consecutive sentencings are not disproportionate to the seriousness of your conduct, and the danger that you pose to the public, and I am further finding that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public of future crimes by you, simply because you have not shown an ability to rehabilitate yourself, despite the opportunities given, and that you failed on various Community Control and Probation Sanctions. So you pose a risk unless you are confined.

{¶25}  The trial court's judgment entry on sentencing filed May 16, 2013 echoed these statements.

{¶26} We note both defense counsel and the prosecutor commented on appellant's "very large, very voluminous" presentence investigation report and "extensive criminal history," and immediately prior to being sentenced in the case sub judice, appellant was sentenced in another case involving three counts of burglary in the third degree.  T. at 3-4, 6-7, 10-11.  A review of appellant's presentence investigation report clearly establishes that he has had numerous opportunities to rehabilitate himself, but chose instead to continue victimizing others by stealing from them.

{¶27}  Upon review, we find the trial court fulfilled the statutory requirements, and the order of consecutive service was not unreasonable, arbitrary or unconscionable. The sentence in this case is not contrary to law.

{¶28}  Assignment of Error II is denied.

{¶29} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


SGF/sg 1010