[Cite as *State v. Jones*, 2019-Ohio-1772.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                             No. 107429

    v.                             :

WARREN JONES,                           :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-624743-A and CR-18-627179-B

---

*Appearances:*

Mark A. Stanton, Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Shannon M. Raley, and Lindsay Raskin, Assistant Prosecuting Attorneys, *for appellee.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Warren Jones ("appellant"), appeals from his sentence following a guilty plea. He raises the following assignment of error:

> The trial court illegally sentenced appellant to prison in violation of R.C. 2929.13.

{¶ 2} After careful review of the record and relevant case law, we affirm appellant's sentence.

## I. Procedural and Factual History

{¶ 3} On January 30, 2018, appellant was named in a two-count indictment in Cuyahoga C.P. No. CR-18-624743-A, charging him with receiving stolen property in violation of R.C. 2913.51(A); and obstructing official business in violation of R.C. 2921.31(A). Appellant was released on personal bond. However, on February 14, 2018, appellant failed to appear in court for his arraignment hearing. As a result, his bond was forfeited and a capias was issued. Appellant was finally taken into custody on March 23, 2018.

{¶ 4} On April 11, 2018, appellant was named in an eight-count indictment in Cuyahoga C.P. No. CR-18-627179-B, charging him with six counts of theft in violation of R.C. 2913.02(A)(1); and single counts of grand theft in violation of R.C. 2913.02(A)(1); and petty theft in violation of R.C. 2913.02(A)(1). The indictment stemmed from an incident that occurred on March 21, 2018.

{¶ 5} On May 21, 2018, appellant pleaded guilty in Cuyahoga C.P. No. CR-18-624743-A to receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. On the same day, appellant pleaded guilty in Cuyahoga C.P. No. CR-18-627179-B to grand theft in violation of R.C. 2913.03, a felony of the fourth degree; and theft in violation of R.C. 2913.02, a felony of the fifth degree. The remaining counts in each case were nolled.

{¶ 6} Following a Crim.R. 11 colloquy, the trial court accepted appellant's guilty pleas in each case and referred him to the county probation department for a presentence investigation report.

{¶ 7} On June 13, 2018, the trial court held a consolidated sentencing hearing. In Cuyahoga C.P. No. CR-18-624743-A, appellant was sentenced to 12 months in prison on the receiving stolen property offense. In Cuyahoga C.P. No. CR-18-627179-B, appellant was sentenced to 17 months in prison on the grand theft offense, to run concurrently with an 11-month prison term on the theft offense. The trial court further ordered the prison terms imposed in each case to run consecutively, for an aggregate prison term of 29 months.

{¶ 8} Appellant now appeals from his sentence.

## II. Law and Analysis

{¶ 9} In his sole assignment of error, appellant argues the trial court erred when it imposed a term of imprisonment rather than community-control sanctions.

{¶ 10} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings or (2) the sentence imposed is contrary to law. An appellate court does not review a trial court's sentence for an abuse of discretion. *Marcum* at ¶ 9-10.

{¶ 11} As an initial matter, we recognize that ordinarily R.C. 2953.08(A)(2) bars appellate review of a prison term imposed upon a fourth- or fifth-degree felony pursuant to R.C. 2929.13(B) absent a motion for leave.[1] However, under the circumstances presented in this case, we find R.C. 2953.08(A)(2) to be inapplicable. As this court has stated, the "statute only operates to block review of instances where the trial court 'specifies' a finding under R.C. 2929.13(B)(1)(b)." *State v. Torres*, 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, ¶ 8, citing *State v. Lopez*, 2015-Ohio-5269, 43 N.E.3d 492 (8th Dist.); *State v. Freeman*, 8th Dist. Cuyahoga No. 103677, 2016-Ohio-3178. In this case, the trial court did not specify a finding under R.C. 2929.13(B)(1)(b). Thus, we find it necessary to address the merits of appellant's assigned error to determine whether the record supports the application of R.C. 2929.13(B)(1)(b) in this matter.

{¶ 12} On appeal, appellant argues the trial court erred by sentencing him to a term of incarceration because "community control sanctions were the only available sentence" pursuant to the criteria set forth under R.C. 2929.13(B)(1). For the reasons the follow, we find no merit to appellant's position.

---

[1] R.C. 2953.08(A)(2) provides, in relevant part:

If the court specifies that it found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.

{¶ 13} R.C. 2929.13(B)(1)(a), which creates a presumption in favor of community-control sanctions for nonviolent fourth- or fifth-degree felonies meeting certain criteria, states:

> Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.
>
> (iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

R.C. 2929.13(B)(1)(a)(i)-(iv).

{¶ 14} The parties do not dispute that the above factors are satisfied in this case. However, the applicability of R.C. 2929.13(B)(1)(a) is subject to the exceptions listed in R.C. 2929.13(B)(1)(b), under which a trial court regains the discretion to impose a prison term on a defendant who otherwise would be subject to mandatory community control. Relevant to this case, R.C. 2929.13(B)(1)(b), states:

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

* * *

(iii) The offender violated a term of the conditions of bond as set by the court.

* * *

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶ 15} After careful review of the record, we find the imposition of a prison term instead of a community-control sanction for appellant's fourth- and fifth-degree felony convictions was proper pursuant to R.C. 2929.13(B)(1)(b)(iii) and 2929.13(B)(1)(b)(xi).

{¶ 16} We note that "R.C. 2929.13(B)(1)(b) does not require a trial court to enter a specific finding to the applicability of the section." *State v. Dudley,* 5th Dist. Ashland No. 14-COA-015, 2014-Ohio-5419, ¶ 13; *State v. Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, ¶ 15; *State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334 ¶ 8. As previously stated, the trial court did not make any specific findings under R.C. 2929.13(B)(1)(b) in this case. However, the record establishes that appellant violated a condition of his bond in Case No. CR-18-624743-A when he failed to appear for his arraignment hearing on February 14, 2018. *See* R.C. 2929.13(B)(1)(b)(iii). In addition, the record establishes that in March 2018, appellant committed the offenses in Case No. CR-18-

627179-B while he was released from custody on bond in Case No. CR-18-624743-A. *See* R.C. 2929.13(B)(1)(b)(xi).

{¶ 17} Thus, viewing the circumstances of each case individually, we find at least one exception delineated under R.C. 2929.13(B)(1)(b) applies in each case. Because the application of R.C. 2929.13(B)(1)(b)(iii) and 2929.13(B)(1)(b)(xi) is supported by the record, the trial court had discretion to impose a term of imprisonment rather than community control sanctions. Appellant does not challenge the consecutive nature of his prison sentences, and we find no basis to conclude the trial court's exercise of discretion was otherwise contrary to law or clearly and convincingly unsupported by the record.

{¶ 18} Appellant's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
**EILEEN T. GALLAGHER, PRESIDING JUDGE**

**LARRY A. JONES, SR., J., and**
**EILEEN A. GALLAGHER, J., CONCUR**