[Cite as *State v. Gates*, 2019-Ohio-4783.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                               No. 108067

    v.                          :

RONNELL L. GATES,                       :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 21, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631206-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey M. Maver, Assistant Prosecuting Attorney, *for appellee.*

Christopher R. Fortunato, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Ronnell Gates appeals his nine-month prison sentence after pleading guilty to attempted improperly handling firearms in a motor vehicle, a fifth-degree felony. On appeal, Gates raises one assignment of error in which he challenges his sentence:

The trial court erred in sentencing the appellant to a term of incarceration rather than imposing a community control sanction.

For the reasons that follow, we dismiss the appeal as moot.

{¶ 2} During routine patrol, Bedford police stopped a car Gates was driving.[1] Following a search of the vehicle, police discovered a loaded firearm. Gates was indicted with one count of improperly handling firearms in a motor vehicle, a fourth-degree felony. He pleaded guilty to an amended fifth-degree felony count of attempted improper handling of firearms in a motor vehicle and the attached specification that required Gates to forfeit the firearm.

{¶ 3} Review of the record reflects that the trial court sentenced Gates to nine months in prison on November 28, 2018. There is no indication in the record this sentence was stayed pending appeal. There is no dispute that more than nine months has elapsed from the time Gates began serving his sentence. Moreover, there is no claim that Gates has not served his entire sentence. We thus presume that Gates completed his sentence. Accordingly, his assigned error challenging only his sentence is therefore moot. *See State v. Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶ 18 ("Any appeal of a sentence already served is moot."); *see also State v. Santiago*, 8th Dist. Cuyahoga No. 101612, 2015-Ohio-1301, ¶ 9 ("[B]ecause [the defendant] is no longer serving his sentence, there is no remedy this court may provide.").

---

[1] It is unclear from the record why police stopped the vehicle, however, Gates does not challenge the propriety of the stop. We further note that at oral argument, Gates' counsel indicated that the stop began as a consensual encounter with police.

{¶ 4} Nevertheless, even if we were to address the merits of Gates' assignment of error we would find no merit to his claim.

{¶ 5} Gates argues that the court erred by imposing a prison sentence because he claims it was required to impose a community control sanction pursuant to R.C. 2929.13(B)(1)(a).[2]

{¶ 6} This court reviews felony sentences pursuant to the standard of review outlined in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In relevant part, R.C. 2953.08(G)(2) provides that an appellate court's standard of review is not whether the sentencing court abused its discretion." Instead, the statute empowers an appellate court to disturb a sentence if:

> [I]t clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

---

[2] This court has recognized that R.C. 2953.08(A)(2) generally bars review of a prison sentence imposed upon a fourth- or fifth-degree felony where the trial court finds one or more of the R.C. 2929.13(B)(1)(b) factors apply where the defendant does not first seek leave to appeal. *See, e.g., State v. Brown*, 8th Dist. Cuyahoga No. 107990, 2019-Ohio-1448, ¶ 9, citing *Torres* at ¶ 8. Here, the trial court did not "specif[y] that it found" that one or more of the factors applied. R.C. 2953.08(A)(2). Accordingly, and regardless of whether Gates sought leave to appeal his sentence, because the court did not make a finding that R.C. 2929.13(B)(1)(b) factor applied, R.C. 2953.08(A)(2) does not bar our review. *See Torres* at ¶ 8.

R.C. 2953.08(G)(2); *see also State v. Torres*, 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, ¶ 7.

{¶ 7} We acknowledge that R.C. 2929.13(B)(1)(a) creates a presumption in favor of community control sanctions rather prison for certain felonies of the fourth and fifth degrees where a defendant meets specified criteria. *See State v. Jones*, 8th Dist. Cuyahoga No. 107429, 2019-Ohio-1772, ¶ 13. Indeed, Gates frames his entire argument around this presumption. Gates claims that since he met the criteria in R.C. 2929.13(B)(1)(a), the presumption in favor of community control applied and that the court was thus required to sentence him to a community control sanction rather than prison. We disagree.

{¶ 8} R.C. 2929.13(B)(1)(a), by its own terms, subjects this presumption of community control to the exceptions delineated in R.C. 2929.13(B)(1)(b)(i) through (xi), any of which, if "appl[icable]," operates to overcome the presumption and thereby gives the court discretion to impose a prison sentence.

{¶ 9} R.C. 2929.13(B)(1)(b)(i) is relevant to this case and provides:

> The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if * * * [t]he offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

{¶ 10} Based on the record before us it is clear that R.C. 2929.13(B)(1)(b)(i) "appl[ies]" and that Gates committed the offense "while having a firearm on or about [his] person or under [his] control." R.C. 2929.13(B)(1)(b)(i) clearly "appl[ies]." Indeed, the record is replete with evidence upon which to base this conclusion.

{¶ 11} At sentencing, Gates' counsel stated that Gates was "accepting responsibility for transporting this firearm in the vehicle inappropriately," and noted that "[i]t was in the glove box." Gates addressed the court himself and stated "I just want to apologize for my actions and transporting a firearm."

{¶ 12} Perhaps more fundamentally, with his guilty plea, Gates admitted, inter alia, to violating R.C. 2923.16(B) which provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." *See Torres*, 2017-Ohio-938, ¶ 13 (R.C. 2929.13(B)(1)(b)(i) applicability is established by defendant pleading guilty to carrying concealed weapons). Moreover, as previously stated, the crime to which Gates pleaded guilty included a forfeiture specification that required him to forfeit the subject firearm.

{¶ 13} That Gates pleaded guilty to an attempt variant of improperly handing firearms in a motor vehicle does not change our analysis. *Cf. State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶ 16 ("[A]n attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the possession offense.").

{¶ 14} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR