[Cite as *State v. DeJesus*, 2024-Ohio-955.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                      :

    Plaintiff-Appellee,                      :

                            No. 112974

    v.                                                    :

LUIS DEJESUS,                                       :

    Defendant-Appellant.                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676608-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jordan Mason, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Luis DeJesus ("DeJesus") appeals his 12-month prison sentence, which the court imposed after he pled guilty to aggravated menacing, domestic

violence, and harassment by an inmate.  After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  On May 17, 2023, DeJesus pled guilty to aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor; domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; and harassment by an inmate in violation of R.C. 2921.38(B), a fifth-degree felony.  At this plea hearing, the court established on the record that DeJesus was on "court supervised release" and informed DeJesus that, as a result of his guilty plea, he could be sentenced to a maximum of 12 months in prison or he could be sentenced to community-control sanctions.  The court ordered a presentence-investigative report and a substance-abuse assessment and set the matter for a sentencing hearing.

{¶ 3}  On June 9, 2023, the court issued a capias for DeJesus's arrest and a bond forfeiture notice, based on DeJesus leaving the state of Ohio in violation of a condition of his bond.

{¶ 4}  On June 20, 2023, the court sentenced DeJesus to six months in jail for each misdemeanor and 12 months in prison for the felony, to run concurrently.

{¶ 5}  DeJesus now appeals raising two assignments of error for our review, which will be addressed together:

I.  The trial court committed plain error in imposing prison instead of community control sanctions on a felony of the fifth degree.

II.  The trial court abused its discretion in imposing prison instead of community control sanctions on a felony of the fifth degree.

## II. Law and Analysis

### A. Felony Sentencing Standard of Review

{¶ 6} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under * * * (C)(4) of section 2929.14 * * *" or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 7} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 8} Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender

using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 9} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

### B. R.C. 2929.13(B)(1)(a) and (b) Mandatory Community-Control Sanctions and Discretionary Prison Terms for Fourth- and Fifth-Degree Felonies

{¶ 10} Pursuant to R.C. 2929.13(B)(1)(a), when sentencing an offender for a fourth- or fifth-degree felony

> that is not an offense of violence * * * the court shall sentence the offender to a community control sanction * * * if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of the sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 11} However, under R.C. 2929.13(B)(1)(b), the court has discretion to impose a prison sentence for a fourth- or fifth-degree felony "that is not an offense of violence * * * if any of the following apply: * * * (iii) The offender violated a term of the conditions of bond as set by the court." *See State v. Jones*, 8th Dist. Cuyahoga No. 107429, 2019-Ohio-1772, ¶ 14 ("[T]he applicability of R.C. 2929.13(B)(1)(a) is subject to the exceptions listed in R.C. 2929.13(B)(1)(b), under which a trial court regains the discretion to impose a prison term on a defendant who otherwise would be subject to mandatory community control.").

## C. Analysis

{¶ 12} At DeJesus's sentencing hearing, it was established that he was 25 years old and had no adult felony convictions. DeJesus had "one felony conviction as a juvenile." A psychiatric evaluation established that DeJesus has mental-health "diagnoses that should be addressed." DeJesus acknowledged that he had "issues with his temper" and expressed a desire "to get into an anger management program." DeJesus also acknowledged having "issues with alcohol and with marijuana." As of the date of the sentencing hearing, DeJesus attended "approximately 20 AA meetings" and had not "had a drink in a considerable period of time."

{¶ 13} DeJesus's attorney explained that DeJesus was arrested 11 days prior to the sentencing hearing because "the GPS" showed that he left the state of Ohio and delivered a DoorDash order "right across the bridge in Pennsylvania," which was a violation a condition of his bond. The defense attorney argued that because DeJesus had already spent 66 days in jail — 55 before posting bond for the offenses at issue and 11 for the recent bond violation — the court should sentence DeJesus to community-control sanctions for the offenses at issue.

{¶ 14} The prosecutor stated on the record that the victim of the domestic-violence offense told him that "prior to this incident * * * DeJesus was going to all of his meetings that he needed to go to and was on the right path. And she feels that being out in the community surrounded by people that can help him would be more beneficial for him than a prison sentence."

{¶ 15} In sentencing DeJesus to prison rather than community-control sanctions, the court stated, in part, the following:

> The way you acted that day drunk, this is just an indication — indications to this court that you're someone that's risky to put on probation. You had trouble reporting because of your decision to move to Youngstown. And then you violated GPS, for whatever reason. You know, you made a choice to break the rules [of your bond], and you knew the consequences, and that's the choice you made. I understand why you made the choice, but it's not a good track record for someone on probation.

{¶ 16} On appeal, DeJesus argues that he meets all three of the criteria for mandatory community control under R.C. 2929.13(B)(1)(a), and the fifth-degree felony offense at issue in the case at hand, harassment by an inmate in violation of

R.C. 2921.38(B), "did not meet any of the discretionary criteria for prison under (B)(1)(b)." In addressing R.C. 2929.13(B)(1)(b)(iii), which concerns his bond violation for leaving the state, DeJesus argues as follows: "It was unreasonable for the trial court to utilize [DeJesus's bond violation] as the sole reason to impose a 12-month prison term on DeJesus. DeJesus was complying with his conditions of bond, had a job, and was sober. The Court elevated this de minimus [sic] action over all other major factors, and therefore abused its discretion."

{¶ 17} Upon review, we first find that the state is not disputing that DeJesus met the three criteria in R.C. 2929.13(B)(1)(a), and DeJesus is not disputing that he violated a condition of his bond by leaving the state of Ohio. Violating a bond condition falls squarely under R.C. 2929.13(B)(1)(b)(iii), which is one of the exceptions to the R.C. 2929.13(B)(1)(a) mandate that the court impose community-control sanctions for a fifth-degree felony conviction of harassment by an inmate. Therefore, we find that the court's discretionary imposition of prison in the case at hand is not contrary to law under R.C. 2929.13(B)(1), and the court did not err by imposing this prison term.

{¶ 18} Furthermore, under R.C. 2953.08(G)(2), we are not authorized to review "whether the sentencing court abused its discretion" as DeJesus asks us to do in his second assignment of error. Additionally, DeJesus makes no argument on appeal that the court failed to consider the proper statutory factors when imposing his felony sentence; therefore, we need not review this issue.

{¶ 19} Accordingly, DeJesus's two assignments of error are overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR