[Cite as *State v. Jinks*, 2022-Ohio-282.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29155 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1960/1 |
| | : | |
| JOHN R. JINKS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 2nd day of February, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} John R. Jinks appeals from his conviction for burglary. On appeal, Jinks contends that his sentence should have been at most community control, rather than a prison sentence; he also contends that the law under which he was sentenced, the Reagan Tokes Law, is unconstitutional. We reject both contentions and affirm the trial court's judgment.

## I. Factual and Procedural Background

{¶ 2} In July 2020, in an apparent act of vigilante justice, Jinks broke into a home and attacked his then-girlfriend's former boyfriend, who the girlfriend claimed had been stalking her and threatening her with physical harm. Jinks was indicted on one count of aggravated burglary (physical harm), a violation of R.C. 2911.11(A)(1), a first-degree felony. Under a plea agreement, he pleaded guilty to the reduced charge of burglary, a violation of R.C. 2911.12(A)(2), a second-degree felony. In May 2021, the trial court imposed an indefinite prison sentence under the Reagan Tokes Law of a three years to four and a half years.

{¶ 3} Jinks appeals.

## II. Analysis

{¶ 4} Jinks assigns four errors. The first challenges his sentence based on the manifest weight of the evidence. The remaining three assignments of error challenge the constitutionality of the Reagan Tokes Law.

### A. The prison sentence

{¶ 5} The first assignment of error alleges:

THE SENTENCING WAS AGAINST THE MANIFEST WEIGHT OF THE

EVIDENCE.

{¶ 6} In the first assignment of error, Jinks argues that the imposition of a three-year minimum and four-and-one-half-year maximum sentence was against the manifest weight of the evidence and that he should have been sentenced to at most community control. Jinks essentially argues that he was justified in breaking into the home because of the victim's alleged stalking such that the seriousness and recidivism factors in R.C. 2929.12 weighed in favor of a lesser sentence. While Jinks argues that the trial court failed to weigh properly the statutory seriousness and recidivism factors, he stops short of alleging that the sentence was contrary to law. He cites *State v. Pullen*, 2d Disk Montgomery No. 25829, 2015-Ohio-552, in support of his manifest-weight argument. But *Pullen* concerned the denial of a Crim.R. 29 motion for acquittal, not a challenge to a sentence. The State construes Jink's argument to be that the record does not support his sentence under R.C. 2929.12. We do the same.

{¶ 7} An appellate court's review of a felony sentence is governed by R.C. 2953.08(G)(2). The Ohio Supreme Court clarified in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12[.]" *Id.* at ¶ 31. "Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Hall*, 2021-Ohio-1894, 173 N.E.3d 166, ¶ 38 (2d Dist.), citing *Jones* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the

record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."). We have further stated that "[i]n *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence abased upon a finding that the sentence is 'contrary to law' because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39, citing *Jones* at ¶ 32-39.

{¶ 8} "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*; *Hall* at ¶ 39 (quoting the same).

{¶ 9} The record in the present case plainly shows that the prison term imposed by the trial court was within the statutory range and that the court considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12. Thus, Jinks cannot demonstrate that his sentence was contrary to law. Under *Jones*, the sentence must be affirmed.

{¶ 10} The first assignment of error is overruled.

### B. The constitutionality of the Reagan Tokes Law

{¶ 11} The remaining three assignments of error allege that the Reagan Tokes Law, under which Jinks was sentenced, is unconstitutional because it violates the

separation-of-powers doctrine and the right to due process:

> REAGAN TOKES IS VIOLATIVE OF THE SEPARATION OF POWERS.
>
> REAGAN TOKES IS VIOLATIVE OF DUE PROCESS BY NOT PROVIDING NOTICE.
>
> REAGAN TOKES DOES NOT PROVIDE ADEQUATE SAFEGUARDS FOR ARBITRARY EXECUTIVE DECISIONS.

{¶ 12} As an initial matter, we note that Jinks failed to object to the constitutionality of the Reagan Tokes Law in the trial court. This means that he has waived the issue on appeal. *See State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus (holding that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal"). Accordingly, we review Jinks's arguments under a plain-error analysis. *See Hall*, 2021-Ohio-1894, 173 N.E.3d 166, at ¶ 45 (using plain-error analysis to review defendant's argument that the Reagan Tokes Law is unconstitutional because defendant failed to object to constitutionality in the trial court).

{¶ 13} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus; *Woods v. Telb*, 89 Ohio St.3d 504, 510-511, 733 N.E.2d 1103 (2000) (quoting the same). "[T]he party challenging the statute bears the burden of proving the

unconstitutionality of the statute." *Woods* at 511, citing *State v. Thompkins*, 75 Ohio St.3d 558, 560, 664 N.E.2d 926 (1996).

*Separation of powers*

{¶ 14} In his second assignment of error, Jinks contends that the sentencing scheme set forth in the Reagan Tokes Law violates the separation-of-powers doctrine because it usurps the role of the judiciary by giving the Ohio Department of Rehabilitation and Correction (ODRC)—the executive branch of government—authority to sentence offenders to a longer prison term.

{¶ 15} We have repeatedly held that the Reagan Tokes Law does not violate the separation-of-powers doctrine:

> We recently considered the constitutionality of the Reagan Tokes Law in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 and concluded that it does not violate the separation-of-powers doctrine. We reached this conclusion because we found that the Law's scheme is consistent with established authority from the Supreme Court of Ohio, which held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Ferguson* at ¶ 23, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000).

*State v. Compton*, 2d Dist. Montgomery No. 28912, 2021-Ohio-1513, ¶ 11; *see also State*

*v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 19.

{¶ 16} Like the defendants' prison terms in *Ferguson*, *Compton*, and *Thompson*, Jinks's minimum and maximum terms were imposed by the trial court and included as part of the trial court's sentence. "Because the Reagan Tokes Law does not allow the ODRC to lengthen an offender's sentence beyond the maximum sentence imposed by the trial court, we once again hold that the Law does not violate the separation-of-powers doctrine." *Compton* at ¶ 12, citing *Ferguson* at ¶ 23; *see also Thompson* at ¶ 20.

*Due process*

{¶ 17} In his third assignment of error, Jinks contends that the Reagan Tokes Law violates due process because it does not provide sufficient notice of what conduct will cause the ODRC to rebut the presumption for release after expiration of the minimum term. In his fourth assignment of error, Jinks contends that the Law does not contain adequate safeguards to prevent arbitrary and discriminatory enforcement by the ODRC.

{¶ 18} We have also repeatedly held that the Reagan Tokes Law does not violate due process:

> "[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." * * * The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the [ODRC] must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the [ODRC] unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may

be required.

*Ferguson* at ¶ 25, quoting *Woods*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103; *see also* *Compton* at ¶ 14; *Thompson* at ¶ 21. "Because the procedures employed under the Reagan Tokes Law provide for notice of a hearing at which an offender has an opportunity to be heard, and because the Reagan Tokes Law does not give the ODRC unfettered discretion to decide when an offender must serve more than the minimum term, * * * the Law does not violate an offender's right to due process." *Compton* at ¶ 18; *see also* *Thompson* at ¶ 22. We decline to reconsider *Ferguson* in the present case, "and we again conclude that the Reagan Tokes Act does not violate a defendant's due process rights." *Thompson* at ¶ 23.

{¶ 19} In his brief, Jinks acknowledges that we have held that the Law is not unconstitutional, but he argues that it is unconstitutional anyway because he "is sure future Courts will find it violative." Be that as it may, this Court has repeatedly concluded that the Law does not violate the separation-of-powers doctrine or due process, and Jinks does not persuade us to hold otherwise in this case. Thus, we continue to adhere to our conclusion that the Law does not violate the separation-of-powers doctrine or a defendant's right to procedural due process.

{¶ 20} Jinks fails to demonstrate that the Reagan Tokes Law is unconstitutional, and, given this, he has not shown that his sentence is contrary to law. When the trial court here sentenced Jinks under the Reagan Tokes Law, the court did not err, plainly or otherwise.

{¶ 21} The second, third, and fourth assignments of error are overruled.

**III. Conclusion**

{¶ 22} We have overruled each of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Hilary Lerman
Hon. Mary Lynn Wiseman