[Cite as *State v. Davis*, 2022-Ohio-545.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :    Appellate Case No. 29215
                                       :
v.                                     :    Trial Court Case No. 2020-CR-3867
                                       :
DARYL T. DAVIS                         :    (Criminal Appeal from
                                       :    Common Pleas Court)
        Defendant-Appellant            :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of February, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

HILARY J. LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Daryl Davis, appeals from his convictions, on his guilty pleas, of attempted arson and possession of cocaine. The trial court sentenced him to prison terms of 24 months on the attempted arson and 12 months on the cocaine possession, with the terms to be served concurrently, for a total of 24 months in prison.

**{¶ 2}** According to Davis, his sentence was against the manifest weight of the evidence. After reviewing the record, we find no error in the trial court's decision, as the sentence was not contrary to law. The judgment of the trial court therefore will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** On December 18, 2020, Davis was indicted on one count of aggravated arson (harm to person), a first-degree felony, and one count of aggravated arson (harm to structure), a second-degree felony. These charges arose from events that occurred on December 8, 2020, and the case was designated as Montgomery C.P. No. 2020-CR-3867. After Davis was arrested on the charges, he pled not guilty, and bail was set at $100,000 (surety). The court then set trial for August 2, 2021.

**{¶ 4}** Previously, on December 16, 2020, an indictment had also been filed charging Davis with possession of cocaine in an amount less than 5 grams, a fifth-degree felony. The event in question was alleged to have occurred on September 26, 2020, and the case was designated as Montgomery C.P. No. 2020-CR-3045/2. After initially pleading not guilty, Davis appeared in court on July 21, 2021, and pled guilty to the cocaine possession charge. At the same time, Davis pled guilty to one count of

attempted arson, a third-degree felony, in Case No. 2020-CR-3867. The cases had not been consolidated, however.

{¶ 5} The guilty pleas resulted from a plea bargain, which allowed Davis to plead guilty to a lesser-included offense of Count II in Case. No. 2020-CR-3867 and to possession of cocaine as charged in Case No. 2020-CR-3045/2. Transcript of Proceedings ("Tr."), p. 3 and 12-13. As part of the plea bargain, the State made no agreement on sentencing, other than to remain silent. *Id.* at p. 3 and 18. After accepting the pleas, the court found Davis guilty and ordered a presentence investigation ("PSI"). *Id.* at p. 15-16.

{¶ 6} On August 4, 2021, Davis appeared for sentencing. During the hearing, the court noted that it had read the PSI report, which indicated that Davis had a significant criminal history as well as substance abuse issues. *Id.* at p. 18. The court then imposed a 24-month sentence on the attempted arson and 12 months for cocaine possession, with the terms to be served concurrently, for a total prison term of 24 months. *Id.* at p. 20. On August 5, 2021, the court filed judgment entries imposing these sentences, crediting Davis with 240 days of jail credit, and imposing a life-time obligation on Davis to register as an arson offender. Davis then filed a notice of appeal in Case No. 2020-CR-3867. He did not also file the notice of appeal in Case No. 2020-CR-3045/2, even though the

notice of appeal listed both case numbers.[1]

## II. Discussion

{¶ 7} Davis's sole assignment of error states that:

The Sentencing Was Against the Manifest Weight of the Evidence.

{¶ 8} Davis's argument under this assignment of error is based on his own serious addiction problem. According to Davis, the trial court should have considered treating the addiction rather than choosing incarceration, because imprisonment costs society money and does not rehabilitate addicts. Instead, addicts simply learn more criminal behavior in prison, while their underlying problems remain untreated.

{¶ 9} In support of his argument, Davis cites *State v. Pullen*, 2d Dist. Montgomery No. 25829, 2015-Ohio-552, which discusses manifest weight review in criminal cases. *Id*. at ¶ 12. However, *Pullen* does not apply here, as it involves manifest weight review of a motion for acquittal and the conviction, i.e., factual issues at trial, not the merits of a sentence. *Id*. at ¶ 9. We construe Davis's argument to be, instead, that his sentence is contrary to law, given R.C. 2929.11's mention of rehabilitation.

{¶ 10} R.C. 2953.08(G)(2) governs our review of felony sentences, including findings underlying sentences. We can take various actions, including reduction,

---

[1] Because Davis failed to properly file the notice of appeal in Case No. 2020-CR-3045/2, the record in that case has not been transmitted to our court. However, we have previously stressed that "it is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets." *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1. Therefore, to the extent relevant, we can consult the online records for Case No. 2020-CR-3045/2 and take judicial notice of them. On the other hand, since the notice of appeal was not correctly filed in that action, we will enter judgment only as to Case No. 2020-CR-3867.

modification, or vacation of sentences, if we "clearly and convincingly find either * * * (a) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or] (b) [t]hat the sentence is otherwise contrary to law."

{¶ 11} The Supreme Court of Ohio has held that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31. This is "because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in" R.C. 2953.08(G)(2)(a). *Id.*

{¶ 12} *Jones* also restricted review under R.C. 2953.08(G)(2)(b), which allows review of whether sentences are "otherwise contrary to law." In this regard, the court stressed that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶ 13} We have interpreted this to mean that "when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. *Accord State v. Jinks*, 2d Dist. Montgomery No. 29155, 2022-Ohio-282, ¶ 8. "A sentence is contrary to law when it does

not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. *Accord Dorsey* at ¶ 18, and *Jinks* at ¶ 8.

{¶ 14} Under established law, a "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). The statutory range for Davis's third-degree attempted arson conviction, which involved R.C. 2902.02(A)(2), was nine to 36 months. *See* R.C. 2929.14(A)(3)(b). The range for a fifth-degree felony is six to 12 months. R.C. 2929.14(A)(5). Thus, Davis's sentences of 24 months and 12 months, respectively, were within the statutory ranges and were not contrary to law.

{¶ 15} The trial court also did not fail to consider the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12. The court referred to these principles during the sentencing hearing and also mentioned them in the termination entries that were filed. Tr. at p. 20; Case No. 2020-CR-3867, Termination Entry (Aug. 5, 2021); and Case No. 2020-CR-3045/2, Termination Entry (Aug. 5, 2021). Courts are not required to make any findings on the record about these statutes. *E.g., State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8.

{¶ 16} Concerning the principles and purposes of sentencing, R.C. 2929.11(A)

states that:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶ 17} As to rehabilitation, even if we could review factual findings, the PSI report indicates that Davis has a long criminal history, beginning when he was a young juvenile. He committed many crimes as a juvenile that would have been felonies had he been an adult. *See* PSI Report at p. 4. Furthermore, Davis's adult criminal record is extensive and includes many misdemeanors and several felonies that were committed between 2004 and 2020. *Id.* at p. 5-7. No sanctions, including drug treatment ordered on two separate occasions, were successful in "rehabilitating" Davis. In particular, Davis failed to complete any drug treatment he was given.

{¶ 18} Based on the preceding discussion, Davis's sole assignment of error is overruled.


## III.   Conclusion

{¶ 19} Davis's sole assignment of error having been overruled, the judgment of the trial court in Case No. 2020-CR-3867 is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Hilary J. Lerman
Hon. Steven K. Dankof