OPINION
{¶ 1} Defendant-appellant Michael Reynolds appeals from his conviction and sentence, following a no-contest plea, for Burglary. Reynolds assigns as error a violation of his right to speedy trial under R.C. 2945.71 — 2945.73. We conclude that Reynolds may not assign this as error. Although Reynolds did move to dismiss the indictment, and his motion was overruled, before he pled no contest, his motion was expressly limited to the issue of pre-indictment delay. Where a defendant pleads no contest, all errors are waived except errors in rulings made on pretrial motions. Crim. R. 12(I). Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} On or about November 9, 2002, Reynolds allegedly committed a Burglary. He was indicted for this offense on March 3, 2003.
 {¶ 3} On March 8, 2005, Reynolds filed a "Motion to Dismiss Charges for Pre Indictment Delay in Violation of Defendant's Right to a Quick and Speedy Trial." Two days later, Reynolds appeared with his trial counsel in open court, and the trial court considered his motion. After the trial court ruled against Reynolds on his motion, the trial court conducted a plea colloquy, and accepted Reynolds's no-contest plea. The trial court found Reynolds guilty of Burglary on his plea, and sentenced him accordingly. From his conviction and sentence, Reynolds appeals.
 II {¶ 4} Reynolds's sole assignment of error is as follows:
 {¶ 5} "DEFENDANT-APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL WERE VIOLATED WHEN TRIAL COMMENCED TWENTY-FOUR MONTHS AFTER INDICTMENT."
 {¶ 6} Although Reynolds contends that his motion to dismiss, despite its title, was based upon both post- and pre-indictment delay, the record does not support his contention. The motion as filed makes no reference to R.C. 2945.71 2-945.73, referring instead to R.C. 2941.401, which has to do with the right of a prisoner to demand that he be brought to trial on pending charges, by sending a specified notice and request to the prosecuting attorney.
 {¶ 7} More importantly, at the hearing on Reynolds's motion, the trial court confirmed its understanding of the period of delay with which the motion was concerned:
 {¶ 8} "THE COURT: Yes. And you do have a right to appeal. A no-contest enables you to appeal that motion. But now, since you've raised that, and I need it [sic] address that motion. What we're referring to, for the record, is a motion to dismiss charges for preindictment delay in violation of defendant's right to a quick and speedy trial. That motion was filed March the 8th. And the Court has received and read that motion. And as has the State received a copy of the motion.
 {¶ 9} "And what the motion focuses on is the delay between the offense, which occurred November 19th, 2002, and the return of the indictment, March 3rd, 2003. So a delay of almost 16 months.
 {¶ 10} "That's the delay period, Mr. Harrison, that you're focusing on in the motion to dismiss. Am I right about that?
 {¶ 11} "MR. HARRISON [representing Reynolds]: That's correct."
 {¶ 12} The trial court then proceeded to analyze the motion exclusively in terms of pre-indictment delay, asking counsel if he could identify any respect in which Reynolds had been prejudiced as a result of the pre-indictment delay of 16 months. The only possible prejudice Reynolds was able to assert was that he was denied early release from prison in connection with a sentence in another case as a result of the delayed indictment in this case. The trial court correctly determined that the applicable prejudice would have to be a prejudice to Reynolds's ability to defend himself in the case presently before the trial court:
 {¶ 13} "THE COURT: Here's the ruling. Even assuming — let's assume, Mr. Reynolds, you're right, that the fact that this case was indicted and there was a delay in the indictment, had it not happened, you would have been paroled on this other case. Let's assume that's correct. And that's a prejudice you suffered.
 {¶ 14} "This Court finds that's not the prejudice that we're concerned about. The prejudice that has to be demonstrated is the delay results in the defendant's prejudice in this case, the case for which he is pending trial. Was there a delay in his defense to the present case. And so the Court finds that the prejudice which we've now made a record of — and this of course you can appeal, Mr. Reynolds — is not the prejudice that would be the prejudice that would result in the dismissal of this indictment. Again, there must be a prejudice to the defense in the present case in which there was a delay in the indictment. That would be of the type of prejudice that would result in the dismissal. And the Court has read the memorandum, and there's no demonstration of actual prejudice in this case in which there was a delay in the indictment. Therefore, that motion to dismiss the indictment is overruled. And —"
 {¶ 15} Reynolds's motion to dismiss was expressly limited to the issue of pre-indictment delay, and that is how the trial court analyzed his motion. At no point did Reynolds seek the dismissal of the indictment based upon post-indictment delay.
 {¶ 16} A plea of no contest waives all claims of error, not directly affecting the taking of the plea, itself, that are not errors in rulings upon pretrial motions. Crim. R. 12(I). When Reynolds pled no contest, following the denial of his motion to dismiss based upon pre-indictment delay, he waived any right to dismissal of the indictment based upon post-indictment delay. Although the State addresses arguments, in its brief, to the issue of plain error, in our view the doctrine of plain error does not apply. This is not an error that Reynolds failed to preserve, by virtue of failing to bring the error to the attention of the court, it is a right that Reynolds waived when he pled no contest without having asserted it. In negotiating a no-contest plea, the State has a right to rely upon the fact that all rights or claims of error that a defendant might otherwise have are waived by the plea, except for errors in rulings on pretrial motions, which are expressly preserved under Crim. R. 12(I).
 {¶ 17} Reynolds's sole assignment of error is overruled.
 III {¶ 18} Reynolds's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Donovan, J., concur.