[Cite as *State v. Hisel*, 2023-Ohio-859.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29322 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 1339 |
| | : | |
| EIN HISEL | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 17, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

APRIL F. CAMPBELL, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} This case is before us a second time pursuant to a brief based on *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In our first *Anders* decision, we agreed with Hisel's counsel that no arguable issues existed. However, because no transcript of the plea hearing had been filed, we ordered that the transcript

be filed and that new counsel be appointed. *See State v. Hisel*, 2d Dist. Montgomery No. 29322 (Decision & Entry, June 7, 2022), p. 5-6.

{¶ 2} On October 31, 2022, Hisel's new counsel filed another *Anders* brief, raising two potential assignments of error. However, counsel found no arguable merit in either assignment of error. The State then filed a response to the *Anders* brief, asking that it be given a chance to respond if we found that non-frivolous issues existed. On November 9, 2022, we notified Hisel that his counsel had filed an *Anders* brief and gave him until January 9, 2023, to file a pro se brief. Hisel failed to file a pro se brief, and this matter is now ready for resolution.

{¶ 3} We have reviewed the entire record, including the presentence investigation report ("PSI") and the newly-filed transcript of the plea hearing, and we have conducted our independent *Anders* review. We agree with Hisel's counsel that there are no issues with arguable merit for Hisel to advance on appeal. Accordingly, Hisel's counsel will be permitted to withdraw, and the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 4} On May 28, 2021, an indictment was filed charging Hisel with one count of theft ($7,500 or more but less than $150,000) (beyond the scope), in violation of R.C. 2913.02(A)(2), and one count of grand theft ($7,500 or more but less than $250,000), in violation of R.C. 2913.02(A)(3). Both crimes were fourth-degree felonies and were alleged to have occurred between October 19, 2020, and May 24, 2021. Hisel initially failed to appear for arraignment and was later arrested on the charges. On July 8, 2021,

Hisel pled not guilty, and the court set bail of $10,000 to be secured by a 10% deposit, which was posted. The court then appointed counsel for Hisel and reduced his bail to conditional own recognizance. Subsequently, retained counsel was substituted for appointed counsel.

{¶ 5} According to a bill of particulars filed on October 6, 2021, Count One of the indictment arose from a contract to build an addition on the victim's residence. The victim paid Hisel an initial down payment of $28,131.57 on October 19, 2020. After Hisel failed to make any progress by December 31, 2020, the victim cancelled the agreement and asked Hisel to return the down payment. However, as of the date of the indictment, Hisel had not provided the victim with any building materials, nor had he returned any money. Count Two was an alternative charge based on the same facts.

{¶ 6} On October 13, 2021, Hisel pled guilty to theft of more than $1,000, which was a fifth-degree felony and a lesser included offense of Count One. The potential penalties for this offense were six to 12 months in prison, a fine of up to $2,500, and restitution. As restitution, Hisel agreed to repay $19,131.80 that was currently frozen in his bank account; he also agreed to repay the remaining balance of what was owed. As part of the agreement, Count Two was dismissed. After accepting the plea and finding Hisel guilty, the trial court referred Hisel for a PSI and set sentencing for November 10, 2021. Transcript of Proceedings (Plea Hearing) ("Tr.1"), p. 10.

{¶ 7} On the day of the sentencing hearing, Hisel also pled guilty to one count of domestic violence in a case involving a different victim. Transcript of Proceedings (Sentencing Hearing) ("Tr. 2"), p. 5. *See State v. Hisel*, Montgomery C.P. No. 2021 CR

2700. The domestic violence offense and the indictment in that case occurred in August 2021 (after the theft case had been filed); in that case, Count I (originally a fourth-degree felony) was reduced to a lesser-included charge (first-degree misdemeanor domestic violence). Count II (another fourth-degree domestic violence felony) was dismissed. The sentence for this conviction was to be served concurrently with the theft sentence. *Id.* at p. 7 and 9. After pleading guilty to the domestic violence charge, Hisel elected to proceed that day with sentencing on both convictions. *Id.* at p. 10.

{¶ 8} During the combined sentencing hearing, the trial court noted that it had reviewed the PSI report. *Id.* at p. 17. The court commented that Hisel, who was then 37 years old, had had a number of theft charges as a juvenile, as well as an assault charge. *Id.* The court was further concerned because Hisel had pled guilty a year earlier to negligent assault. That charge had been reduced from a domestic violence charge; it also involved the same domestic violence victim as the one in the current case. *Id.* Moreover, Hisel had been unsuccessful on probation as an adult in a burglary case in which a first-degree felony had been reduced to a fourth-degree felony. *Id.* at p. 17-18. And finally, the court noted that Hisel had been under supervision in other cases since that burglary conviction. *Id.* at p. 18.

{¶ 9} In addition, the trial court found Hisel's behavior manipulative because he blamed others and had used a newborn daughter's medical condition to try and avoid jail. *Id.* The court therefore found that community control was not "appropriate in any respect." *Id.*

{¶ 10} The court then sentenced Hisel to 12 months in prison on the theft

conviction and six months in jail on the domestic violence conviction, with the terms to be served concurrently. Tr. 2 at p. 18-19. The court also ordered that the money in the frozen account be returned and that Hisel pay the balance of the restitution ($8,950.37). *Id.* at p. 18. Additionally, the court found Hisel ineligible for TCAP ("Targeted Community Alternatives to Prison"), because he had previously been convicted of an offense involving violence. *Id.* at p. 18. *Compare State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 5 and fn. 1 (citing R.C. 2929.34(B)(c)(3) and noting that "Montgomery County is a 'voluntary county' that participates in TCAP").

{¶ 11} As a final matter, the court said during the sentencing hearing that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors. Tr. 2 at p. 18. After the termination entry was filed, Hisel timely appealed from his conviction in the theft case. He did not appeal from the domestic violence conviction.

## II. Discussion

{¶ 12} In an *Anders* review, we are required to decide "after a full examination of all the proceedings" whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue will lack arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.* "If the appellate court does determine the appeal is frivolous, it may then

grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744.

{¶ 13} After conducting an independent review of the record pursuant to *Anders*, we agree with Hisel's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. As indicated, Hisel's counsel raised two potential assignments of error. We will discuss each potential error.


A. Potential Error in Accepting the Plea

{¶ 14} The first potential assignment of error is that:

The Trial Court Erred in Accepting Hisel's Guilty Pleas

{¶ 15} After reviewing the record, Hisel's counsel concluded that this alleged error had no arguable merit because the trial court fully complied with Crim.R. 11 in determining that both of Hisel's pleas were voluntarily, knowingly, and intelligently made. As a preliminary point, we will consider only the guilty plea made in Montgomery C.P. No. 2021 CR 1339 (the theft case), as that is the only appeal before us. As noted, Hisel did not appeal from the domestic violence conviction.

{¶ 16} "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. However, because agreeing to plead guilty

forfeits several fundamental constitutional protections, the court must fully inform the defendant about the consequences of the plea. "Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *Id.*, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 17} In order to ensure compliance, courts must engage defendants in a colloquy before accepting their pleas. *Id.* at ¶ 26, citing Crim.R. 11(C). Under Crim.R. 11(C)(2):

> [T]he trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing," (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact.

*Id.* at ¶ 27, quoting Crim.R. 11(C)(2)(a) and citing Crim.R. 11(C)(2)(b) and (c). Failure to strictly comply with Crim.R. 11(C)(2)(c) (explaining constitutional rights) will invalidate a plea. *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074, ¶ 19

and 23.

{¶ 18} Here, the trial court fully complied with the requirements of Crim.R. 11(C) when accepting Hisel's plea to the theft charge. *See* Tr. 1, p. 5-9. Consequently, this potential assignment of error has no arguable merit.

## B. Potential Sentencing Error

{¶ 19} The second potential assignment of error states that:

The Trial Court Erred in Sentencing Hisel.

{¶ 20} According to Hisel's appellate counsel, this assignment of error lacks arguable merit because even though Hisel was convicted of a low-level felony, community control was not mandatory due to Hisel's prior felony conviction. Counsel further notes that the record supported the sentence, and the sentence was not contrary to law since it was within the range permitted by law. Appellant's Brief, p. 3-4.

{¶ 21} "When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)," *State v. Small*, 2d Dist. Clark No. 2021-CA-30, 2022-Ohio-636, ¶ 7, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. "Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law." *Id.*, citing *Marcum* at ¶ 9.

## 1. Findings Under an Enumerated Statute

{¶ 22} R.C. 2929.13(B) is a statute that is enumerated in R.C. 2953.08(G)(2). *See* R.C. 2953.08(G)(2)(a). Under R.C. 2929.13(B)(1)(a), "community control sanctions are mandatory for non-violent, fourth- and fifth-degree felonies if certain criteria are met." *State v. Ebbing*, 2d Dist. Montgomery No. 28823, 2021-Ohio-865, ¶ 24, fn. 1. This subsection of the statue applies only to "a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense." R.C. 2929.13(B)(1)(a). Hisel's theft conviction qualifies to this extent, as it was not an "offense of violence" as defined in R.C. 2901.01(A)(9)(a), nor did it involve an assault. *See* R.C. 2929.13(K)(4) (defining "qualified assault").

{¶ 23} However, Hisel's conviction fails to satisfy another critical requirement in R.C. 2929.13(B)(1)(a), which is that "[t]he offender previously has not been convicted of or pleaded guilty to a felony offense." R.C. 2929.13(B)(1)(a)(i). Specifically, Hisel had previously been convicted of several felony offenses. These included: (1) a 2003 burglary conviction (a fourth-degree felony); (2) a 2006 conviction for possession of cocaine (a fifth-degree felony); and (3) convictions in 2013 for aggravated possession of drugs (a third-degree felony) and possession of dangerous drugs (a fifth-degree felony). *See* PSI Report, p. 4.

{¶ 24} The trial court did not make a specific finding concerning R.C. 2929.13(B)(1)(b) and whether it applied. However, Ohio appellate districts ruling on this issue have held that " 'R.C. 2929.13(B)(1)(b) does not require a trial court to enter a specific finding to the applicability of the section.' " *State v. Jones*, 8th Dist. Cuyahoga

No. 107429, 2019-Ohio-1772, ¶ 16, quoting *State v. Dudley*, 5th Dist. Ashland No. 14-COA-015, 2014-Ohio-5419, ¶ 13, and citing *State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334, ¶ 8. (Other citation omitted.) *See also State v. Lewis*, 3d Dist. Marion No. 9-20-49, 2021-Ohio-1692, ¶ 16; *State v. Paxon*, 11th Dist. Trumbull No. 2019-T-0011, 2019-Ohio-3551, ¶ 18-19; *State v. Benson*, 7th Dist. Mahoning No. 18 MA 0042, 2019-Ohio-4635, ¶ 13; *State v. Ganguly*, 2015-Ohio-845, 29 N.E.3d 375, ¶ 56 (10th Dist.) (Brunner, J., concurring); and *State v. Reed*, 2d Dist. Champaign No. 2019-CA-29, 2020-Ohio-3900, ¶ 8 (noting in a case involving imposition of a prison term under R.C. 2929.13(B)(1)(b) that "trial court was not required to make explicit findings or give reasons for its sentence").

{¶ 25} Because no specific finding was required, there is no issue of arguable merit to be made that the trial court erred in this regard. The trial court was not required to sentence Hisel to community control rather than prison, and the court did not have to make specific findings.

### 2. Whether the Sentence Was Contrary to Law

{¶ 26} R.C. 2929.13(B)(2) states that "[i]f division (B)(1) of this section does not apply, * * * in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

{¶ 27} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649,

the Supreme Court of Ohio "clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2)." *State v. Litteral*, 2d Dist. Clark No. 2021-CA-10, 2022-Ohio-1187, ¶ 21. "In *Jones*, the court held that 'R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.' " *Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, at ¶ 17, quoting *Jones* at ¶ 39.

{¶ 28} "In so holding, the Supreme Court explained that 'an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b).' " *Id.*, quoting *Jones* at ¶ 32. "Therefore, pursuant to *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.' " *Id.*, quoting *Jones* at ¶ 29, and referencing *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 29} We also stressed in *Dorsey* that, "[a]s a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *Id.* at ¶ 18. In this regard, we emphasized that " '[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C.

2929.12.' " *Id.*, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 30} Here, the trial court complied with the requirement of considering the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *See* Tr. 2 at p. 18. The court also discussed in some detail the reasons why it had decided to impose a prison sanction instead of community control. *Id.* at p. 17-18.

{¶ 31} Furthermore, "[u]nder established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Davis*, 2d Dist. Montgomery No. 29215, 2022-Ohio-545, ¶ 14, quoting *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Here, while Hisel received the maximum sentence, it was within the statutory range. *See* R.C. 2929.14(A)(5) (prison term for fifth-degree felonies "shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months").

{¶ 32} As Hisel's counsel notes, the trial court was not required to grant community control and it was not mandatory. Appellant's Brief at p. 3, citing R.C. 2929.13(B). We agree. It is true that the PSI report recommended community control. *See* PSI at p. 8-9. Nonetheless, " '[a] trial court is not bound to follow recommendations made in a PSI.' " *State v. Bray*, 2d Dist. Clark No. 2016-CA-22, 2017-Ohio-118, ¶ 33, quoting *State v. Gavin*, 2d Dist. Montgomery No. 20783, 2005-Ohio-4738, ¶ 5. Accordingly, there is no arguable basis for concluding that Hisel's sentence is contrary to law.

{¶ 33} Based on the above discussion, "no responsible contention can be made"

that any trial court error in sentencing "offers a basis for reversal." *Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, at ¶ 4. Consequently, Hisel's potential argument about sentencing error is wholly frivolous.

{¶ 34} Finally, in addition to reviewing the suggested assignments of error, we have examined the entire record. Our review failed to reveal any potentially meritorious appellate issues.

III. Conclusion

{¶ 35} Since no potentially meritorious appellate issues exist, counsel is permitted to withdraw as Hisel's attorney. The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.