[Cite as *State v. Martin*, 2023-Ohio-1400.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29579 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 00434 |
| | : | |
| CARLOS MARTIN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 28, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

GARY C. SCHAENGOLD, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Carlos Martin, appeals from his conviction on one count of theft from an elderly or disabled person, following a no contest plea. Martin's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues

for review. After examining the record, counsel could not find any potential issues and asked us to independently review the record.

{¶ 2} Martin was notified of the filing of the *Anders* brief and was given the opportunity to file a pro se brief by March 6, 2023, to raise issues for our review. However, Martin failed to file a brief. The State has responded to the *Anders* brief by asking for permission to respond if our review discloses non-frivolous issues and new counsel is appointed for Martin. As a result, this matter is ready to be resolved.

{¶ 3} As required by *Anders*, we have independently reviewed the record and found no issues with arguable merit for appeal. Therefore, counsel's *Anders* brief will be accepted, and Martin's conviction will be affirmed.

## I. Background

{¶ 4} On March 14, 2022, an indictment was filed charging Martin with one count of theft (elderly/disabled person, without consent), in violation of R.C. 2913.02(A)(1). The amount in question was less than $1,000, and the offense was a fifth-degree felony pursuant to R.C. 2913.02(B)(3), which elevates the penalty where persons in protected classes, like the elderly, are victims.

{¶ 5} After being served with the indictment, Martin failed to appear for his arraignment, and the court issued a capias for his arrest on April 26, 2022. Martin was then arrested, and counsel was appointed for him on May 3, 2022. The same day, Martin was released on his conditional own recognizance. After Martin again failed to appear, the court issued another capias on May 25, 2022, and set bond at $10,000 plus electronic

monitoring. Martin was subsequently arrested on June 8, 2022, and on June 16, 2022, the court set an August 1, 2022 trial date.

{¶ 6} On July 7, 2022, Martin posted bond, but he once more failed to appear for court. He was arrested again on July 31, 2022, and the trial was continued to August 15, 2022. Martin then appeared in court on August 10, 2022, and pled no contest to the charge. At that time, the court ordered a presentence investigation report ("PSI") and set sentencing for August 31, 2022. At that hearing, the court sentenced Martin to 12 months in prison, allowed 77 days of jail credit, and ordered Martin to pay $101 in restitution to the victim. Martin then timely appealed from his conviction.

II. Discussion

{¶ 7} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we must independently review the record to decide if the appeal at issue is wholly frivolous. *Id.* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} If we decide an appeal is frivolous, we may grant counsel's request to

withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, if we find that any issues "involve legal points that are arguable on their merits, and therefore are not wholly frivolous, per *Anders* we must appoint other counsel to argue the appeal." *Pullen* at ¶ 2.

{¶ 9} As noted, Martin's appellate counsel found no potential issues. Counsel reviewed the plea hearing and found the trial court demonstrated "substantial, if not model compliance" with the requirements of Crim.R. 11. Appellant's Brief, p. 3. Counsel further found no indication of ineffective assistance of counsel during the trial court proceedings and also concluded that the sentence was within the statutory range and not even arguably an abuse of discretion, given Martin's extensive criminal history. *Id.* at p. 3-4. Having independently reviewed the entire record, we agree the appeal is wholly frivolous.

{¶ 10} According to the PSI, the victim, L.H., was 72 years old on February 22, 2022. That day, L.H. parked her car at St. Mary's Church on Xenia Avenue. However, she failed to lock the car and left her purse on the passenger-side floorboard. The purse contained $101 in cash, a cancelled debit card, and a library card. L.H. went into the food pantry at the church and obtained a box of food. When she returned to the car, her purse was gone. PSI, p. 1-2. Before entering the church, L.H. saw a male in the parking lot, but he was gone when she returned to her car. *Id.* After the crime was reported, the police obtained video from the church, and it showed a man walking up to the car,

opening the door, and removing a purse. The police identified Martin as the involved individual, and he was then indicted for the theft on March 14, 2022. *Id.* at p. 2.

{¶ 11} The statute involved here is R.C. 2913.02, which states, in pertinent part that, "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent * * *." The wording of the indictment tracked the statutory language. In situations involving less than $1,000, the crime is a first-degree misdemeanor, but where the victim is elderly, R.C. 2913.02(B)(3) elevates the crime to a fifth-degree felony. An "elderly person" is defined as "a person who is sixty-five years of age or older." R.C. 2913.01(CC).

{¶ 12} Under Crim.R. 11(B)(2), a no contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." Therefore, Martin's no contest plea admitted the facts as charged. Moreover, "[w]here a defendant pleads no contest, all errors are waived except errors in rulings made on pretrial motions." *State v. Reynolds*, 2d Dist. Montgomery No. 20973, 2005-Ohio-7070, ¶ 1, citing Crim. R. 12(I). No pretrial rulings were made in this case, so that is not a potential issue.

{¶ 13} "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v.*

*Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). (Other citations omitted.) "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.*

{¶ 14} To ensure compliance, courts must engage defendants in a colloquy before accepting their pleas. *Clark* at ¶ 26, citing Crim.R. 11(C). Under Crim.R. 11(C)(2):

[T]he trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing," (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact.

*Clark* at ¶ 27, quoting Crim.R. 11(C)(2)(a) and citing Crim.R. 11(C)(2)(b) and (c).

{¶ 15} "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the

burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?"   *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 17.

**{¶ 16}** After reviewing the record of the plea hearing as well as the written waiver and plea filed in the trial court, we can find no plausible argument about whether the trial court properly complied with the relevant parts of Crim.R. 11(C).   As a result, there is no need to consider prejudice.

**{¶ 17}** After obtaining information about Martin's circumstances and ability to understand his rights, the court fully explained the matters at issue, including the potential penalties and the constitutional rights that Martin would be waiving by entering a no contest plea.   Transcript of Proceedings (Plea Hearing, Sentencing Hearing) ("Tr."), p. 4-27.   Accordingly, challenging the plea on the basis that it was not knowingly, voluntarily, and intelligently made would be wholly frivolous.

**{¶ 18}** Arguments about the sentence the trial court imposed are also wholly frivolous.   In reviewing felony sentences, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law."   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, interpreting R.C. 2953.08(G)(2).   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief

or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Thus, in evaluating sentences, a reviewing court considers both the findings under statutes enumerated in R.C. 2953.08(G) and whether a sentence is contrary to law, as that term has been defined.

### 1. Findings Under Enumerated Statutes

{¶ 19} Regarding "enumerated" statutes, R.C. 2953.08(G)(2)(a) requires courts to consider whether the record fails to "support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." The only matter referenced in R.C. 2953.08(G)(2)(a) that might be even remotely relevant here is R.C. 2929.13(B).

{¶ 20} Where fourth- or fifth-degree felonies do not involve violent offenses or qualifying assault offenses, R.C. 2929.13(B)(1)(a) requires courts to impose community control if a defendant meets *all* the criteria in R.C. 2929.13(B)(1)(a)(i)-(iii). Martin's offense was not either violent or a qualifying assault, so it qualified to that extent.

{¶ 21} However, Martin could not quality for required community control sanctions because he had been previously convicted of a felony offense. *See* R.C. 2929.13(B)(1)(a)(i). In fact, Martin had quite a few prior felony convictions, as noted in the PSI. PSI at p. 4-5, 10, and 12. The trial court also remarked during the sentencing hearing that Martin had "a lengthy juvenile record, but more importantly, a very lengthy

misdemeanor and felony record." Tr. at p. 31.

{¶ 22} R.C. 2929.13(B)(1)(b) also states that trial courts have discretion to impose prison terms for fourth- and fifth-degree felonies if *any* one of several factors applies. *See* R.C. 2929.13(B)(1)(b)(i)-(x), which lists various factors. As pertinent here, Martin violated bond conditions during the case by failing to appear in court as required. *See* R.C. 2929.13(B)(1)(b)(iii). Concerning this factor, the trial court specifically stressed during the sentencing hearing that Martin had been released on electronic monitoring during the current case but had cut his monitor. Tr. at p. 31. Another statutory factor is contained in R.C. 2929.13(B)(1)(b)(ix), which involves whether "the offender at the time of the offense was serving, or the offender previously had served, a prison term." As noted, the court mentioned that Martin had previously served prison terms.

{¶ 23} Again, only one factor was needed; here, two applied. Consequently, if any findings were needed, they were made, and any argument otherwise would be wholly frivolous.

## 2. Whether the Sentence Was Contrary to Law

{¶ 24} The other consideration for review is whether the sentence was contrary to law. *See* R.C. 2953.08(G)(2)(b). The pertinent "law" is R.C. 2929.13(A), which says that "unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code."

{¶ 25} Under R.C. 2929.14(A)(5), the prison sentence for Martin's fifth-degree felony was "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." Consistent with this subsection, the trial court imposed the maximum 12-month sentence. The court did not impose a fine, but did impose minimal restitution of $101, in accordance with R.C. 2929.18(A)(1).

{¶ 26} Recently, in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Supreme Court of Ohio "clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2)." *State v. Litteral,* 2d Dist. Clark No. 2021-CA-10, 2022-Ohio-1187, ¶ 21, citing *Jones* at ¶ 39. "In *Jones*, the court stressed that '[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *State v. Burnette*, 2d Dist. Champaign No. 2021-CA-48, 2022-Ohio-3251, ¶ 24, quoting *Jones* at ¶ 9.

{¶ 27} R.C. 2929.11(A) outlines the "the overriding purposes of felony sentencing," which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.12 details factors relating to the seriousness of an offender's conduct, the likelihood of recidivism, service in the Armed Forces, and the purposes and principles of sentencing.

{¶ 28} The court also stressed in *Jones* that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the

sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). *Accord State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 29} Finally, as we have said many times, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). *Accord State v. Hisel*, 2d Dist. Montgomery No. 29322, 2023-Ohio-859, ¶ 31.

{¶ 30} In the case before us, the trial court did not have to provide reasons for imposing the maximum sentence, but it did so. In addition to noting Martin's extensive criminal history, the court emphasized that every time Martin had been given an opportunity, he had "repeatedly absconded, [had] repeatedly been revoked, or had been subject to revocation." Tr. at p. 32. Furthermore, the court specifically noted that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors. *Id.* Accordingly, any argument that the trial court's sentence was contrary to law would be wholly frivolous.

{¶ 31} In view of the preceding discussion, "no responsible contention can be made" that any trial court error in sentencing "offers a basis for reversal." *Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, at ¶ 4.

### III.   Conclusion

**{¶ 32}** Because no potentially meritorious appellate issues exist, counsel is permitted to withdraw as Martin's attorney.   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


EPLEY, J. and LEWIS, J., concur.